**SO ORDERED.**

**SIGNED this 03 day of April, 2006.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ZACHARY BRYAN CAMPBELL, | ) | Case No. 05-18338 |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |
| THE CONSOCIATE GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 06-5112 |
| | ) | |
| ZACHARY BRYAN CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant filed his Motion to Dismiss for Failure To State A Claim Upon Which Relief

1

Can Be Granted on February 16, 2006. (Doc. 3). Defendant seeks an order dismissing the above-captioned adversary proceeding filed by plaintiff, The Consociate Group, LLC "(Consociate"), on February 14, 2006. Because the debtor filed his Chapter 13 Petition on October 13, 2005, the Bankruptcy Reform of Act of 1978 applies.

In its Complaint, Consociate requests the Court determine that defendant's obligations and debts to it "are excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(A) and 523(a)(_)[sic]." (Doc. 1). Consociate claims that on February 4, 2005, Campbell left his employment with Consociate and took certain computer databases containing confidential, proprietary and trade secret information belonging to Consociate. (*Id.* at ¶5). Consociate claims said information was taken willfully, maliciously, and with fraudulent intent to deprive it of a competitive advantage, "causing [it] to suffer damage in the nature of loss of business, expenses to contact and retain clients, all in an amount in excess of $700,000." (*Id.* at ¶¶6-8).

Defendant correctly notes that pursuant to 11 U.S.C. §1328(a),[1] §523(a)(2)(A) does not supply an exception to discharge if a Chapter 13 debtor successfully completes his plan in a case filed prior to October 17, 2005. Defendant also argues that the allegations in the complaint do not afford a basis for a finding that the actual fraud, false representations or false pretenses necessary to excepting a creditors debt from discharge under the §523(a)(2)(A) exception occurred. Plaintiff does not cite any other statutory basis for a discharge exception.

On February 17, 2006, the United States Bankruptcy Court Clerk's Office sent a letter to Consociate's counsel, advising that a responsive brief to Defendant's Motion To Dismiss was

---

[1] All further statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., unless otherwise noted.

2

due on or before March 13, 2006 and that "[i]f no response is forthcoming within that time, the Court will take the matter under advisement and consider the motion without further pleading." (Doc. 4). No responsive brief has been filed to date.

## JURISDICTION

This adversary proceeding is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(I) and 28 U.S.C. § 1334(b).

## DISCUSSION

As a preliminary matter, the court notes that this motion can be granted as an uncontested motion since no response has been filed to defendant's motion to dismiss. D.Kan.Rule 7.4 provides if a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice. The merits of defendant's arguments, however, also warrant granting defendant's request to dismiss this adversary proceeding.

Rule 12 (b)(6) of the Federal Rules of Civil Procedure, is made applicable to adversary proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure. In determining such a motion, the court must presume all of plaintiff's factual allegations are true and construe them in the light most favorable to the plaintiff.[2] All well-pleaded facts, as distinguished from conclusory allegations, must be considered true.[3]

Section 1328 provides for two types of discharges in a chapter 13 case. Subsection (a) provides that after the debtor has made all of the payments provided in the plan, the court shall enter

---

[2] *Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir. 1996) (citations omitted).

[3] *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984) (citation omitted).

3

a discharge which will discharge all debts except those arising from the cure of certain secured obligations; debts "for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime; and debts of the kinds specified in paragraphs (5), (8), and (9) of section 523(a). Debts described in § 523(a)(2)(a), the actual fraud exception, are not excepted from a § 1328(a) "super discharge." Subsection (b) provides for entry of a discharge where the debtor has not completed payments under the plan, the so-called "hardship discharge." Subsection (c) provides that a hardship discharge discharges the debtor of all debts except any debt provided under § 1322(b)(5) or of a kind specified in § 523(a). This would include a debt excepted from discharge for actual fraud. Fed. R. Bank. P. 4007(d) provides that only upon the filing by a debtor of a motion for a hardship discharge shall the Court set a time before which creditors may file their complaints for exception to discharge.

Defendant correctly states that § 523(a)(2)(A) debts are not excepted from a § 1328(a) discharge.[4] Moreover, a creditor may not object to the dischargeability of a debt under § 523(a)(2)(A) in a petition under chapter 13 of the Bankruptcy Code unless the debtor moves the Court for a hardship discharge under 11 U.S.C. § 1328(b).[5] Since the debtor in this case has not sought a hardship discharge under § 1328(b), a determination under § 523(a)(2)(A) is not a relief upon which Consociate may be granted.

Likewise, a non-dischargeability determination under an unspecified subparagraph of 523(a) is not a claim upon which relief can be granted.

---

[4] *See In re Concepcion Cruz*, 75 B.R. 56 (Bankr. P.R. 1987).

[5] *In re Gonzalez Seijo*, 76 B.R. 11, 13, fn. 1 (Bankr. P.R. 1987) citing *In re Concepcion Cruz*, 75 B.R. 56 (Bankr. P.R. 1987).

4

Even taking as true all of the allegations in Consociate's complaint, there is simply no legal basis upon which Consociates could be granted judgment at this time.  Here, the Court has not yet confirmed debtor's plan.  Consociate's complaint to determine the dischargeability of the debtor's obligations and debts to it is premature and should be dismissed.

## **CONCLUSION**

Consociate's complaint to determine the dischargeability of defendant's obligations and debts to it is premature, and therefore seeks relief which cannot presently be granted. Accordingly, Consociate's complaint is DISMISSED, without prejudice.

# # #

5